IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Demetrick Cornelius Ruffin*
Case No. 3:13-cr-00045-TMB-1

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Demetrick Cornelius Ruffin's "Renewed Request to Order Restitution Payments Deferred" (the "Motion").[1] For the reasons discussed below, the Motion is **GRANTED**.

The Second Amended Judgment in this case was issued on June 1, 2018.[2] The Court ordered Ruffin to pay a lump sum of $95,055 according to a schedule of payments, as follows:

> Any unpaid amount is to be paid during the period of incarceration at a rate of 50% of wages earned while in the custody of the Bureau of Prisons and during the period of supervision in monthly installments of not less than 10% of the defendant's gross monthly income or $25, whichever amount is greater. Interest shall be waived.[3]

The Second Amended Judgment specifically orders payment of criminal monetary penalties during the period of imprisonment.[4]

The Government and Ruffin filed a joint Stipulation to Defer Restitution Payments ("Stipulation").[5] The Stipulation sought to defer all of Ruffin's restitution payments until he is released from incarceration, at which time, the restitution payment schedule will resume in accordance with the terms of the Second Amended Judgment.[6] The Court denied the Stipulation, concluding the Parties had not provided details concerning Ruffin's economic circumstances or shown a material change in his circumstances since issuance of the Second Amended Judgment, and the Government failed to certify that the seven victims owed restitution had been notified of the Parties' intent to adjust the payment schedule.[7]

---

[1] Dkt. 435 (Motion).
[2] Dkt. 413 (Second Amended Judgment).
[3] *Id.* at 7.
[4] *Id.*
[5] Dkt. 431 (Stipulation).
[6] Dkt. 431 at 1; *see also* Dkt. 413.
[7] Dkt. 432 (Order Denying Stipulation) (citing 18 U.S.C. § 3664(k)).

1

The Government subsequently filed a "Notice to the Court Regarding Victim Notification (the "Notice").[8] The Government stated that staff attempted on multiple occasions to contact all victims in this matters, but personnel were only able to make contact with one individual and one business victim and expressed no opinion regarding a change in restitution payments.[9]

Ruffin then filed the present Motion as a renewed request to the Court to defer restitution payments.[10] Ruffin notes he has been enrolled in the RDAP program since October 29, 2020, and is in good standing.[11] Ruffin states his ability to work has been "extensively hampered by the COVID-19 pandemic" and the facility where he is in custody has "been in extensive lock-down" following two major COVID-19 outbreaks.[12] Ruffin argues he is presently only able to pay "approximately $18.48 per month towards restitution."[13] He notes he anticipates being able to continue making payments when he is released from confinement.[14]

Pursuant to 18 U.S.C. § 3664(k), a court may adjust the payment schedule of a restitution order based on a material change in the defendant's economic circumstances and after the Government certifies that the victims owed restitution by the defendant have been notified of the change in circumstances.

The Court is satisfied that the Ruffin's participation in the RDAP program and the COVID-19 pandemic constitute material changes in Ruffin's economic circumstances. Further, the Government made attempts to reach all victims owed restitution by Ruffin, leaving voicemails, sending emails, and hearing back from two who stated they had no opinion regarding an adjustment in payment. Therefore, an adjustment is appropriate in this case.[15]

Accordingly, the Motion at Docket 435 is **GRANTED**. Ruffin's remaining restitution payments while incarcerated shall be deferred until he is released from BOP custody, at which time the payment schedule shall resume in accordance with the terms of the Second Amended Judgment.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 26, 2021.

---

[8] Dkt. 434 (Notice).
[9] *Id.* at 1–2; Dkt. 434-1 (Ex. Memo. from AUSA Staff).
[10] Dkt. 435.
[11] *Id.* at 2.
[12] *Id.*
[13] *Id.*
[14] Id.
[15] *See* 18 U.S.C. § 3664(k).